IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ROBERTS, an individual; and KENNETH MCKAY, an individual, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>C.R. ENGLAND, INC., a Utah corporation; OPPORTUNITY LEASING, INC., a Utah corporation; and HORIZON TRUCK SALES AND LEASING, LLC., a Utah Limited Liability Corporation,<br><br>    Defendants.<br>_____/ | No. C 11-2586 CW<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b), Docket No. 46, MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO RULE 54(b), Docket No. 47, AND MOTION TO STAY PENDING RESOLUTION OF WRIT PETITION OR DIRECT APPEAL, Docket No. 52, AND CONTINUING THE EXISTING STAY OF THE COURT'S TRANSFER ORDER FOR FOURTEEN DAYS |

    On January 25, 2012, the Court granted Defendants' motions to dismiss Plaintiffs' claim under the California Franchise Investment Law and to transfer venue for this putative class action. In an effort to seek appellate review of this order,

Plaintiffs moved for certification of an interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), and moved for entry of partial judgment under Federal Rule of Civil Procedure 54(b).  Docket Nos. 46 and 47.  The Court stayed its order transferring the case to the District of Utah, pending resolution of the motion for certification and the motion for entry of partial judgment.  Having considered the parties' submissions, the Court denies both motions.  The stay of the Court's order to transfer the action is lifted, allowing, however, fourteen days for Plaintiffs to seek a stay from the Ninth Circuit.

DISCUSSION

I.  Certification Pursuant to 28 U.S.C. § 1292(b) and Partial Judgment Pursuant to Rule 54(b)

Pursuant to 28 U.S.C. § 1292(b), the district court may certify an appeal of an interlocutory order if (1) the order involves a controlling question of law, (2) appealing the order may materially advance the ultimate termination of the litigation, and (3) there is substantial ground for difference of opinion as to the question of law.  See also, Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 687-88 (9th Cir. 2011) ("A non-final order may be certified for interlocutory appeal where it 'involves a controlling question of law as to which there is substantial ground for a difference of opinion' and where 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" (citing § 1292(b)).

2

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). Thus, the court should apply the statute's requirements strictly, and should grant a motion for certification only when exceptional circumstances warrant it. Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978). The party seeking certification to appeal an interlocutory order has the burden of establishing the existence of such exceptional circumstances. Id. A court has substantial discretion in deciding whether to grant a party's motion for certification. Brown v. Oneonta, 916 F. Supp. 176, 180 (N.D.N.Y. 1996), rev'd in part on other grounds, 106 F.3d 1125 (2d. Cir. 1997).

None of the requirements for certification under § 1292(b) is satisfied. First, Plaintiffs have not established a controlling issue of law. "While Congress did not specifically define what it meant by 'controlling,' the legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982). In In re Cement, the Ninth Circuit declined to consider an interlocutory appeal of a district judge's order of recusal because "review involves nothing as fundamental as the determination of who are the

3

necessary and proper parties, whether a court to which a cause has been transferred as jurisdiction, or whether state or local law should be applied." Id.  Here, Plaintiffs contend that they seek to appeal a pure question of law.  However, the Court's dismissal of the CFIL claim resulted from Plaintiffs' failure to allege two of the three elements required for such a claim.  The Court found that Plaintiffs inadequately alleged that the purported franchisor granted them a right to offer or distribute services or goods to customers and that the operation of their business was substantially associated with the purported franchisor's trademark or other commercial symbols.  Although Plaintiffs characterize the order of dismissal as turning on a single legal issue, that characterization is incorrect.

The present lawsuit is unlike Helman v. Alcoa Global Fasteners, Inc., 2009 WL 2058541 (C.D. Cal.), aff'd, 637 F.3d 986, 990-92 (9th Cir. 2011), a case upon which Plaintiffs rely, in which the district court certified a dismissal order for interlocutory appeal and the Ninth Circuit accepted the appeal. In Helman, the district court and court of appeal were required to determine the statutory interpretation of the phrase "high seas" in the Death on the High Seas Act.  Id. at *1-2, 5.  The defendants argued that the DOSHA preempted the plaintiffs' state law claims, and the outcome of the decision affected, among other things, whether the case would be tried as a suit in admiralty, the identities of the proper plaintiffs, and what damages could be

4

recovered. Id. at *5. As explained earlier, the viability of Plaintiffs' CFIL claim presents a mixed question of law and fact and does not affect Plaintiffs' access to federal court, but rather impacts in which venue Plaintiffs will be able to litigate their class action. Plaintiffs have not demonstrated a controlling question of law.

With respect to the second requirement for certification, that the appeal materially advance the ultimate termination of the litigation, the Ninth Circuit recently stated that neither § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation, only that it may "materially advance" the litigation. Reese, 643 F.3d at 688. In Reese the litigation was sufficiently likely to be materially advanced because the resolution of the legal issue could remove one defendant from the lawsuit and remove a set of claims against the other defendants in the lawsuit. Id. The legal issue here will only determine whether one claim can proceed, without affecting other claims, and without removing any Defendants.

In L.H. Meeker v. Belridge Water Storage District, 2007 WL 781889, *5-6 (E.D. Cal.), a district court case upon which Plaintiffs rely, the legal issue involved in the appeal was found to be controlling and likely materially to advance the litigation because the plaintiffs would be much more likely to prevail if dismissal of the claim were reversed on appeal. The remaining

5

claims were more difficult to prove.  Even though case management issues that are affected by an appeal can materially advance the outcome of litigation, the appeal here will not have a similar effect.  Plaintiffs have not demonstrated that a successful appeal will improve their chances of success by preserving a claim that is substantially easier to prove compared to the others.  Furthermore, as noted earlier, the appeal will not dispose of any Defendants or a set of claims.  The appeal only affects where the case is litigated and Plaintiffs' ability to pursue their CFIL claim, which is based on the same facts as their other claims.

Plaintiffs have also failed to satisfy the third requirement for certification under § 1292(b) by demonstrating that there exist substantial grounds for a difference of opinion.  Plaintiffs assert that this case presents an issue of first impression.  The Ninth Circuit has held that "when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent."  Reese, 643 F.3d at 688.  However, this action is not a case of first impression.  The Court's order discussed factually similar cases that involved truck drivers working on behalf of delivery service companies and addressed the cognizability of CFIL claims and claims under equivalent law.  The fact that the CFIL does not expressly or implicitly address whether the law covers a purported franchisee that sells its goods or services only to its

6

purported franchisor does not give rise to substantial grounds for a difference of opinion on this question.

The Court declines to certify the case for an interlocutory appeal.

Plaintiffs also seek entry of a partial final judgment, as to their CFIL claim only, based on Federal Rule of Civil Procedure 54(b).  "Rule 54(b) provides that '[w]hen more than one claim for relief is presented in an action, . . . the court may direct entry of final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.'"  Wood v. GCC Bend, LLC, 422 F.3d 873, 877 (9th Cir. 2005) (alterations in original).

"A district court must first determine that it has rendered a final judgment, that is, a judgment that is an ultimate disposition of an individual claim entered in the course of a multiple claims action."  Id. at 878.  This requirement is satisfied because the Court has dismissed Plaintiffs' CFIL claim without leave to amend.

Next the district court "must determine whether there is any just reason for delay."  Id.  "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved."

7

Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980). "Whether a final decision on a claim is ready for appeal is a different inquiry from the equities involved, for consideration of judicial administrative interests is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." Id.

Plaintiffs rely foremost on Varsic v. United States District Court for Central District of California, 607 F.2d 245 (9th Cir. 1979). This case, however, addressed the propriety of a petition for writ of mandamus and did not consider entry of partial judgment pursuant to Rule 54(b). Id. at 250-251 (considering factors set forth in Bauman v. U.S. Dist. Court, 557 F.2d 650, 654-55 (9th Cir. 1977), not the test for Rule 54(b)). Nevertheless, Plaintiffs argue that the interests weighed in Varsic bear on the requirements for entry of partial judgment under Rule 54.

Varsic found that the petitioner proceeding in forma pauperis would face substantial hardship absent extraordinary relief from the district court's transfer order. The court reasoned that the petitioner would have been forced to litigate his ERISA claims in a far-away venue before having the opportunity to appeal the order, and if he prevailed he would have to litigate a second trial. The delay would amount to a substantial hardship to a person in his position, and such a result was contrary to the

venue provision in the ERISA, which sought to prevent such hardships.

Plaintiffs in this action also seek to preserve their venue in California. However, they are not similarly situated to Varsic. Plaintiffs seek to represent a nationwide class with respect to claims that do not involve ERISA benefits. Thus, a second trial in this action would not impose similar burdens on Plaintiffs in this case.

Apart from the equities, Plaintiffs must also show that entry of partial judgment would foster efficient judicial administration. If partial judgment were entered, Plaintiffs could pursue an appeal of the dismissal of the CFIL claim to the Ninth Circuit. Unless the Court granted a stay, the remainder of the case would be transferred to the District of Utah and proceed there. Plaintiffs' claims under Utah's Business Opportunity Disclosure Act and Indiana's Business Opportunity Transaction Law likely overlap with their CFIL claim. Whether the proceedings on the other claims were stayed or pursued, they could require duplicative appeals, resulting in wasted judicial resources.

Thus, entry of partial judgment under Rule 54(b), which is disfavored, would not help streamline this case. Even if the remainder of the case were stayed pending the Ninth Circuit appeal, the equities do not justify such a delay. Plaintiffs' primary interest in submitting the present motions appears to be

preserve their preferred venue in California for this class action.

Plaintiffs suggest that the Court must grant a certification pursuant to § 1292(b) or enter partial judgment pursuant to Rule 54(b) to ensure that the Ninth Circuit is able to review this Court's transfer order. The cases Plaintiffs cite demonstrate that they may petition for a writ of mandamus from the Ninth Circuit even after the case has been transferred and docketed in the new district. Plaintiffs cite NBS Imaging Systems, Inc. v. United States District Court, 841 F.2d 297, 298 (9th Cir. 1988), for the proposition that the docketing of a transferred case in an out-of-circuit transferee court terminates the jurisdiction of both the transferor court and the corresponding appellate court to consider an appeal. However, in NBS Imaging, the court stated, "We have long held that in extraordinary circumstances involving a grave miscarriage of justice, we have power via mandamus to review an order transferring a case to a district court in another circuit." Id. See also, Mothershed v. Durbin, 161 F.3d 13 (9th Cir. 1998) (unpublished memorandum) (citing NBS Imaging, and stating, "The proper method of challenging the transfer order was by way of mandamus").

NBS Imaging, after holding that the district court improperly applied the ERISA's venue provision, considered factors to determine whether the petitioner was entitled to mandamus.

10

Contrary to Plaintiffs' argument, <u>Varsic</u> treated the district court's denial of a motion to certify an interlocutory appeal as an indication that the petitioner would suffer "peculiar hardship" from the transfer order, such that extraordinary relief was warranted. The court did not otherwise imply that a district court should grant, as a matter of course, motions for § 1292(b) certification when the moving party claims a wrongful transfer.

Plaintiffs' motions for certification pursuant to § 1292(b) and entry of partial judgment pursuant to Rule 54(b) are denied.

III. Stay of the Transfer Order

Previously, the Court granted Plaintiffs' request for a stay of the transfer order pending resolution of their motions for certification of an interlocutory appeal and entry of partial judgment under Rule 54(b). These motions have now been denied. On February 24, 2012, Plaintiffs filed a request for a writ of mandate in the Ninth Circuit and, on February 27, 2012, a request in this Court to stay transfer of the case to Utah pending adjudication of their writ petition or their direct appeal, if the Court certified their interlocutory appeal. Docket No. 52. For the reasons discussed in this order, the Court will not stay the transfer pending adjudication of the writ petition or a direct appeal, but will continue the existing stay for fourteen days from the date of this order to allow Plaintiffs the opportunity to seek a stay from the Ninth Circuit.

11

CONCLUSION

Plaintiffs' motions are denied.  Docket Nos. 46, 47 and 52.

IT IS SO ORDERED.

Dated: 3/5/2012

CLAUDIA WILKEN
United States District Judge
United States District Court
For the Northern District of California